**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ELENA ABSALON LINARES, | No. 10-71245 |
| Petitioner, | Agency No. A070-806-262 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Maria Elena Absalon Linares, a native and citizen of Venezuela, petitions

for review of a decision of the Board of Immigration Appeals (BIA) affirming an

Immigration Judge's (IJ) denial of her application for asylum, withholding of

removal, protection under the Convention Against Torture (CAT), and cancellation

of removal.  Absalon Linares asserted past persecution and a fear of future

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

persecution on account of her political opinion. The BIA affirmed the IJ's denial of asylum and withholding relief on adverse credibility grounds, and deemed Absalon Linares's CAT and cancellation of removal claims waived. Since Absalon Linares's asylum application was filed prior to 2005, pre-REAL ID standards apply.

Absalon Linares first challenges the adverse credibility finding. However, this challenge is without merit because the BIA offered a specific and cogent explanation for disbelieving Absalon Linares. *See Wang v. INS*, 352 F.3d 1250, 1253, 1259 (9th Cir. 2003) (explaining that the BIA "must offer a specific, cogent reason for any stated disbelief" and that as "long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Petitioner's] claim of persecution, we are bound to accept the . . . adverse credibility finding"). Absalon Linares omitted the alleged physical assault from her asylum application, which she claimed at the hearing had led to her departure from Venezuela. The BIA explained that it disbelieved Absalon Linares's explanation that the reason for the omission was because her application was filled out by a notario. As the BIA explained and the record shows, Absalon Linares's asylum application did not indicate that anyone other than Absalon Linares filled out the application, and Absalon Linares admitted that she did not correct the application before the asylum

2

officer. Thus, substantial evidence supports the BIA's explanation. Since Absalon Linares's omission addresses the reason for her leaving Venezuela, it goes to the heart of her claim, and was therefore an appropriate basis for the adverse credibility finding.

The BIA also properly found that Absalon Linares failed to present sufficient corroborating evidence to overcome the adverse credibility finding. *See Guo v. Ashcroft*, 361 F.3d 1194, 1201 (9th Cir. 2004) ("[W]hen an applicant's credibility is in question, and he or she fails to produce evidence that is 'non-duplicative, material, and easily available' the IJ or BIA may make an adverse credibility finding.") (quoting *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000)). As the BIA correctly found, Absalon Linares "failed to present reasonably available corroboration, such as a statement from her mother setting forth the mother's efforts to obtain hospital records relating to" Absalon Linares.

Absalon Linares next argues that the BIA erred by not determining whether she satisfied the eligibility requirements of asylum and withholding of removal. However, the adverse credibility finding in this case completely undermined Absalon Linares's application for relief. *Cf. Al-Harbri v. INS*, 242 F.3d 882, 891-94 (9th Cir. 2001) (using substantial documentary evidence to establish facts essential to the objective element of an asylum claim). Thus, the BIA properly

3

relied on such finding to conclude that Absalon Linares failed to establish eligibility for asylum. The BIA was not required to make any findings unnecessary to the disposition of this case. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, Absalon Linares's argument that translation errors violated her due process rights has been waived because Absalon Linares did not raise this issue in her brief to the BIA. The issue is unexhausted and this court lacks jurisdiction to review it. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009).

**PETITION DENIED**.